# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE ELMORE, | CASE NO. 1:12-cv-00335 GSA PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |
| v. | |
| C/O CAMPOS, et al., | |
| Defendants. | RESPONSE DUE IN THIRTY DAYS |

## I. Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

This action proceeds on the June 14, 2002, first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend. Plaintiff also filed a more definite statement on July 24, 2012, in response to an order directing him to respond to written questions. Plaintiff did not respond to the questions under penalty of perjury, and therefore will not be considered in screening the first amended complaint.

## II. Plaintiff's Claims

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran. Plaintiff names as defendants the following individuals employed by the Department of Corrections and Rehabilitation at Kern Valley State Prison in Delano: Appeals Coordinator D. Tarnoff; Sergeant M. Jones; Sgt. A. Williams; Correctional Officer (C/O G. Smith; Warden Biter; Associate Warden Carrison; Associate Warden Denny; C/O Campos; Librarian Dikins. The events that give rise to this lawsuit at Kern Valley.

In the original complaint, Plaintiff alleged C/O Campos refused Plaintiff access to the C Facility law library.  Plaintiff advised Campos that he had a legal deadline.  Plaintiff alleged that Campos refused Plaintiff access on June 23, 2010.  Plaintiff alleged that he showed Defendant Dikins proof that he had a legal deadline, and Defendant Dikins refused to allow Plaintiff access on June 29, 2010.

### A.     Access to Courts

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim.  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).

To establish a Bounds violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  Casey, supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court."  The Casey Court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

In the order dismissing the original complaint, the Court advised  Plaintiff that he failed to allege any facts that satisfy the actual injury requirement of Casey.  Plaintiff failed to make any

reference to any action that challenges the conditions of his confinement or the validity of his underlying criminal conviction. Plaintiff failed to allege any specific conduct on behalf of any of the defendants indicating that their behavior caused him any injury within the meaning of Casey. Plaintiff was specifically advised that an allegation that Plaintiff had a legal deadline did not, of itself, constitute actual injury.

In the first amended complaint, Plaintiff restates the allegations of the original complaint, and further alleges that because he was denied access to the law library, "the court ruled against me at the cost of 9 million dollars due to my civil action."

Plaintiff's vague allegation to a civil action does not state a claim for relief. Plaintiff was advised that he must have suffered actual injury within the meaning of Casey. Plaintiff must allege that he was impeded in the ability to file an action challenging his underlying conviction or the conditions of his confinement. In the order directing Plaintiff to file written responses, Plaintiff was specifically directed to provide the case number and name of the legal action in which a deadline was pending. Plaintiff was also directed to identify the Court in which the action was filed, the date it was filed, and include a copy of the order dismissing the case. Plaintiff has failed to comply with the order.

**III. Conclusion and Order**

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. This action should therefore be dismissed. Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed for failure to state a claim upon which relief may be granted. Failure to file a response will result in the dismissal of this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 23, 2012**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

3